UNITED STATES DISTRICT OURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| GUY RICHARDS,<br>   *Plaintiff*,<br><br>v.<br><br>LUFKIN INDUSTRIES, INC.,<br>   *Defendant*. | Civil Action No. 9:14-CV-136 |

**MEMORANDUM ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, this matter was referred to United States Magistrate Judge Keith F. Giblin for pretrial matters. On September 15, 2017, Judge Giblin entered his report and recommendation (Doc. No. 157) recommending that the District Court grant in part and deny in part the defendant Lufkin Industries, Inc.'s motion for summary judgment. He also recommended that the Court deny the plaintiff's motion for summary judgment.

Both parties objected to the report and recommendation, and then responded to the opposing parties' objections. *See Objections* (Doc. No. 162, Doc. No. 164) and *Responses to Objections* (Doc. No. 166, Doc. No. 168). Plaintiff argues that Judge Giblin erred in concluding that there was sufficient evidence to preclude summary judgment on his hostile work environment claim but not his retaliation claim. He contends that there is sufficient evidence to support causation on the retaliation claim, and that the report erroneously ignores "the entire campaign of harassment between Richards' initial report and his termination." *See Objections* (Doc. No. 164).

Defendant in turn objects by arguing that Judge Giblin erred in his application of the necessary elements for plaintiffs' discrimination claim. Lufkin Industries argues that Judge Giblin should have applied the elements for a race-based termination claim instead of the elements for a

1

hostile work environment claim. *See Objections* (Doc. No. 162). Lufkin Industries also contends that the magistrate judge erred by failing to consider whether Plaintiff was replaced by someone outside of the protected group. It finally argues that Judge Giblin erred in concluding that factual issues existed as to whether Lufkin Industries' reason for terminating the plaintiff was pretextual. *Id*

The Court has considered the parties' objections and finds they should be overruled. A review of Judge Giblin's analysis shows that he thoroughly considered the voluminous record evidence in his 37 page report. As for the parties' specific objections, the plaintiff's arguments related to Judge Giblin's determination on the retaliation claim are misplaced. In his objections, Plaintiff seemingly asserts that because genuine issues of material fact exist on the elements of his Title VII hostile work environment claim, the same record evidence supports his retaliation claim. The Court disagrees. The Supreme Court itself has noted the differences in the antiretaliatory and antidiscrimination provisions of Title VII. *See Burlington Northern & Santa Fe Railway v. White*, 548 U.S. 53, 64-65 (2006). The necessary elements of a prima facie hostile work environment claim also differ from those required to prove a Title VII retaliation claim. *See Rowe v. Jewell*, 88 F. Supp. 3d 647, 674 (E.D. La. 2015)(quoting *Hiner v. McHugh*, 546 F. App'x 401, 407-409)(5th Cir. 2013)(per curiam)(explaining the different standards for hostile work environment claims and unlawful retaliation claims under Title VII)). For these reasons, the Court disagrees with Plaintiff's general assertion that because the evidence supports the denial of summary judgment on his discrimination claim, it must therefore also necessitate a denial of summary judgment on his retaliation claim.

Furthermore, it is undisputed that a retaliation cause of action requires a showing of a causal link between the plaintiff's protected activity and the employer's adverse employment action. *See*

*Feist v. La. Dep't of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 454-55 (5th Cir. 2013). Such a showing is not required for purposes of a hostile work environment claim. It is this causal connection element (or, in this case, lack thereof) which supported the magistrate judge's finding that no genuine issues of material fact exist on the retaliation claim. Judge Gibln's findings on the hostile work environment claim are accordingly distinguishable from his determination on the retaliation cause of action, and, accordingly, the two analyses stand separately. The Court accordingly disagrees with the plaintiff regarding his retaliation claim.

The Court now turns to Lufkin Industries' objections to Judge Giblin's report. Based on the evidence and the plaintiff's allegations, the Court concludes that the magistrate judge properly considered the plaintiff's discrimination claim within the framework of a hostile work environment claim. Defendant concurs that the *McDonnell-Douglas* burden-shifting framework applies to Richards' discrimination claim, and Judge Giblin utilized that approach. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). As for the defendant's argument that Judge Giblin erred in failing to consider whether Richards was replaced by someone outside of the protected class after his termination, the Court notes that this is not an essential element of a prima facie hostile work environment/harassment claim under Title VII. *See Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)[1]. Even still, assuming *arguendo* that the magistrate judge should have considered this element, it is well-settled that although replacement with a non-member of the protected class is evidence of discriminatory intent, it is not essential to the establishment of a *prima facie* case under Title VII. *See Martin v. J.A.M. Distrib. Co.*, 674 F.

---

[1] "A plaintiff may establish a *prima facie* case of a Title VII violation based on a hostile work environment by showing: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on [the protected trait]; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Ramsey*, at 268.

Supp. 2d 822, 833 (E.D. Tex. 2009)(Crone, J.)(citing *Williams v. Trader Publishing Co.,* 218 F.3d 481, 485 (5th Cir.2000)). Based on the foregoing, the Court disagrees with Lufkin Industries' contention that Judge Giblin erred in his analysis of the plaintiff's prima facie discrimination case.

A review of the record also reveals ample support for the magistrate judge's conclusion on the issue of pretext issue. *See Report*, at pp. 23-27. Despite the defendant's arguments to the contrary, the conflicting testimony from the plaintiff and various employees of Lufkin Industries sets forth more than a mere "scintilla" of evidence suggesting that Lufkin Industries' proffered reason for termination – falsifying timesheets – was indeed pretext for discrimination. *See Brooks v. Firestone Polymers, LLC*, 70 F. Supp. 3d 816, 833 (E.D. Tex. 2013)(Crone, J.)(citing *Crawford v. Formosa Plastics, La.*, 234 F.3d 899, 902 (5th Cir. 2000)("a mere scintilla of evidence of pretext does not create an issue of material fact in all cases.")); *see also Wallace v. Methodist Hosp. Sys.*, 85 F. Supp. 2d 699, 716 (S.D. Tex. 2000). Lufkin Industries argues that certain testimony on this issue should be given less weight than other evidence. *See Objections* (doc. #162), at p. 5. It also points to evidence which it contends show an absence of pretext. The Court finds that such credibility issues and determination of what weight should be applied to certain testimony is best left to the jury decide, especially when there are inconsistencies in the summary judgment record. As outlined in Judge Giblin's report, the plaintiff pointed to testimony creating a "'conflict in substantial evidence' on the question of whether the employer would not have taken the action 'but for' the protected activity." *See Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948 (5th Cir. 2015)(quoting *Coleman v. Jason Pharm.*, 540 F. App'x 302, 304 (5th Cir. 2013)(per curiam)). The Court accordingly agrees with Judge Giblin in concluding that genuine issues of material fact exist on whether Lufkin Industries' reason for terminating Richards was pretextual.

The Court has considered each of the parties' objections and responsive briefs and the magistrate judge's report. Having conducted a *de novo* review, the Court is of the opinion that the findings and conclusions of the magistrate judge are correct. It is therefore **ORDERED** that the *Report and Recommendation on Motion for Summary Judgment* (Doc. No. 157) is **ADOPTED**. The parties' objections (Doc. No. 162, Doc. No. 164) are **OVERRRULED**. This Court therefore **ORDERS** that Defendant's Motion for Summary Judgment (doc. #100) is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's Motion for Partial Summary Judgment (doc. #101) is **DENIED**. The Court will enter partial judgment dismissing the plaintiff's retaliation causes of action separately. All other causes of action remain pending for trial.

**So Ordered and Signed**
**Dec 1, 2017**

_____
Ron Clark, United States District Judge